John Boyer et al *v.* Commonwealth.

**Courts—Jurisdiction, Where Amount Exceeds $100.00.**
　　Where under the statute, the jurisdiction of a quarterly court is limited to fines not exceeding one hundred dollars, the accepting of a bond for $200.00 for a misdemeanor, returnable to said court, held to deprive the court of jurisdiction.

**Bail Bonds—One Bond for Appearance in Two Indictments.**
　　Where two indictments have been rendered against a defendant, in a court whose jurisdiction is limited to a fine of $100.00, taking of one bond for $200.00 for appearance in both cases, is void.

**Same—Dismissal of Indictment.**
　　Releasing a defendant upon such a bond, will operate to dismiss the proceedings against him entirely.

APPEAL FROM HENRY CIRCUIT COURT.

June 10, 1869.

Opinion of the Court by Judge Peters:

By an act of the legislature, approved March 7, 1868, jurisdiction was given exclusively to the quarterly court of the county of Henry in all cases of petit larceny, carrying concealed deadly weapons, for keeping tippling houses and over all other crimes and misdemeanors where the fines now imposed by law do not exceed one hundred dollars. 1 Vol. Sess. Acts 1867-8, 318.

By virtue of that act two indictments were found against James Dolan by the grand jury for retailing spirituous liquors without a license. Whereupon the quarterly court ordered bench warrants for the arrest of Dolan in each case, and that he be admitted to bail in the sum of one hundred dollars. He was arrested and being prepared to give bail, the officer making the arrest took one recognizance with appellants as his sureties in the penalty of *two hundred dollars,* for his appearance in the Henry county quarterly court, on the first day of the following June term to answer the charges. Dolan made default, and upon a summons being served on his sureties and motion for judgment against them for

the default of their principal. They in a proper manner questioned the jurisdiction of the court, and the power of the sheriff to take the recognizance which was executed. Other questions are made, but it is not necessary to consider them.

The sheriff was authorized to admit Dolan to bail in each case, as before noticed, in the sum of one hundred dollars, that was the extent of his authority. And it is neither a literal nor substantial observance and compliance with the order to take *one* recognizance in the penalty of $200 for Dolan's appearance in both cases, he might have appeared in the one and not in the other, and a conviction or acquittal in the one case would not have barred the other. The indictments were for two different offenses, and as an appearance to the one would not be an appearance to the other, if Dolan had appeared to one he might have been acquitted, and for his failure to appear in the other he and his sureties would in that event have been responsible for $200, twice the sum fixed by the court.

The recognizance was therefore taken without legal authority and was invalid. *Baird & Price vs. Commonwealth, 2 Duvall, 78,* is not analogous to this case.

Moreover the quarterly court has no jurisdiction of the case, the matter in controversy exclusive of interest and costs exceeding one hundred dollars. Section 24, Civil Code.

Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the proceedings against appellants.

*Webb & Barbour, for appellants.*